IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| AMY DUNBAR, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No.:_____ |
| KOHN LAW FIRM S.C., MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Amy Dunbar brings this action to secure redress from unlawful debt collection practices committed by defendants. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8. Venue is proper in this District because:

   a. Defendants do business in this District,

   b. Defendants' collection correspondence was sent to plaintiff from this District;

   c. Defendant Midland Funding, LLC, files numerous lawsuits against consumers in this District at the direction of Midland Credit Management, Inc.

   d. Defendant Kohn Law Firm S.C. files numerous lawsuits against consumers in this District on behalf of its clients.

## PARTIES

9. At all relevant times, Plaintiff Amy Dunbar was a citizen of, and resided in De Pere, Wisconsin.

10. Kohn Law Firm, S.C. ("Kohn") is a service corporation located at 735 North Water St., Suite 1300, Milwaukee, Wisconsin, 53202-4106.

11. Kohn describes itself on its website as, *inter alia*, a "debt collection law firm that concentrates its practice primarily on credit card, municipal, medical and various other types of consumer debt, as well as repossession actions and insurance subrogation claims. The firm covers the entire state of Wisconsin for its clients, which consist primarily of large national credit issuers and debt buyers, but also include local municipalities and other retail businesses and service providers."

12. Defendant Midland Funding, LLC ("Midland Funding") is a limited liability company organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108. It does business in Wisconsin. Its registered agent and office is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

13. Defendant Midland Credit Management, Inc. ("MCM"), is a Kansas corporation with principal offices at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108. It does business in Wisconsin. Its registered agent and office is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

14. Defendant Encore Capital Group, Inc. ("Encore Capital") is a corporation organized under Delaware law with principal offices at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

15. Midland Funding and MCM are wholly-owned subsidiaries of Encore Capital and share common management with Encore Capital. For example, Kenneth A. Vecchione is or was president of Encore Capital and MCM.

16. Midland Funding and MCM operate in concert with one another, and under the

3

direct supervision and control of Encore Capital, to purchase and collect consumer debt on a massive scale.

17. Encore Capital and its subsidiaries are one of the largest debt buyers and collectors in the United States. From 2009 to 2015, Encore's estimated gross collections totaled over $5 billion, with net income of more than $384 million.

18. Midland Funding, MCM, and Encore Capital are collectively referred to as the "Midland Defendants".

19. The Midland Defendants send collection letters by United States mail, call consumers from call centers in the United States, India, and Costa Rica, furnish consumer information to credit bureaus, and sues consumers in state courts across the country. The vast majority of the debt collection lawsuits defendants file go unanswered by the consumers and result in default judgments.

20. The Midland Defendants purchase or claim to purchase portfolios of old consumer debt from some of the nation's largest consumer finance and telecommunications companies, and from other debt buyers, for pennies on the dollar. These debts primarily consist of charged-off consumer credit card and telecommunications debts, obtained at various points in time after default. From 2009 to 2015, Encore states in SEC filings that it paid about $4 billion for approximately 60 million consumer accounts with a total face value of $128 billion.

21. Encore determines what debts to obtain and overall collection strategies. Encore also raises money for the collection activities at issue on public securities markets.

22. MCM directs the collection of the debts, including through litigation.

23. Midland Funding is the entity which claims to hold title to the debts.

24. A majority of the Midland Defendants' U.S. collection income comes from "legal collections." (Annual report of Encore Capital on SEC Form 10-K for year ending December 31, 2015, original page 39)

25. Each defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6).

## FACTS

26. Defendants have been attempting to collect an alleged credit card debt from plaintiff which was incurred, if at all, for personal, family or household purposes.

27. On or about January 29, 2016, Kohn, acting on behalf of Midland Funding sent plaintiff a letter seeking to collect the alleged debt. A true and correct copy of the letter is attached hereto as Exhibit A.

28. The letter states that the balance due as of January 29, 2016 was $4,049.08.

29. The letter offers to settle the alleged debt for a lump sum of $2,631.90.

30. The letter also states: "NOTICE: This settlement may have tax consequences."

## VIOLATION ALLEGED

31. The Internal Revenue Code, 26 U.S.C. §6050P, and Treasury Regulations, 26 C.F.R. §1.6050P-1 requires reporting of certain discharges of indebtedness.

32. Reporting is not required:

    a. Of the discharge of indebtedness that is interest or other non-principal amounts, 26 C.F.R. §§1.6050P-1(d)(2) and (3);

    b. Of the discharge of principal not exceeding $600.

33. Furthermore, even if the discharge of indebtedness has to be reported, there are

substantial exceptions to the tax consequences of the discharge of indebtedness, namely the receipt of income from the discharge of indebtedness.

34. No taxable income results from the discharge of indebtedness if:

   a. The debtor is insolvent;

   b. The debt is disputed.

35. Many persons who are unable to pay credit card and similar personal debts are insolvent and will not realize income from the discharge of such debts.

36. It is thus entirely possible to forgive $600 or more of the debt and yet not be required to file an IRS Form 1099C.

37. On information and belief, a substantial portion of the debt described in Exhibit A – well in excess of $600 – consists of interest, late fees, and other non-principal amounts.

38. Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to problems with the Internal Revenue Service ("IRS").

39. Exhibit A misleads the unsophisticated consumer by implying that:

   a. Unless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS.

   b. Unless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance.

40. Defendants voluntarily choose to give the tax advice found in Exhibit A. No law or regulation obligates defendants to include the statement complained of in collection letters.

## COUNT I – FDCPA

41. Plaintiff incorporates paragraphs 1-40.

42. Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by representing in Exhibit A that "This settlement may have tax consequences."

43. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.,* 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.,* 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007).

## CLASS ALLEGATIONS

44. Plaintiff seeks to represent a class and a subclass pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

45. The class includes (a) all individuals with Wisconsin addresses (b) to whom Kohn sent a letter offering a settlement (c) which letter stated that the settlement might have tax consequences, (d) and the letter was sent on or after one year prior to date this complaint was filed and on or before 21 days after this complaint was filed.

46. The subclass includes class members where the current creditor was Midland Funding, LLC.

47. On information and belief, the class and subclass each contain at least 40 individual members, making joinder of all members impracticable.

48. There are questions of law and fact common to members of both classes, which predominate over any individualized questions. The common and predominant question is whether defendants' statement regarding IRS reporting is false or misleading.

49. Plaintiff's claim is typical of the claims of the class members, as it is based on the

7

same facts and legal theories as claims held by class members.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has the same interests in pursuing relief for defendants' illegal conduct as class members have, and has no claims antagonistic to class' members claims. Plaintiff has retained counsel experienced in class actions and FDCPA litigation who can and will vigorously prosecute the litigation.

51. A class action is superior to other claim resolution methods, because individual actions (on the same facts and law) are not economically feasible, members of the classes are likely to be unaware of their rights, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment for plaintiff and the class members and

    i. statutory damages,

    ii. attorney's fees, litigation expenses and costs of suit, and

    iii. all other proper relief.

s/ Daniel A. Edelman
Daniel A. Edelman (IL Bar #00712094)
Francis R. Greene (IL Bar # 6272313)
Attorneys for Plaintiff
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
Email address for service: courtecl@edcombs.com

Heather B. Jones (WI Bar # 1102133)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar #048362011)
Attorneys for Plaintiff
STERN • THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1329

8

Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: heather@sternthomasson.com

## **NOTICE OF LIEN AND ASSIGNMENT**

       Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          <u>s/ Daniel A. Edelman</u>
                                           Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to her. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of defendants.

                                                          s/ Daniel A. Edelman
                                                          Daniel A. Edelman

## CERTIFICATE OF SERVICE

  I, Daniel A. Edelman, hereby certify that on January 19, 2017, I caused to be filed the forgoing document with the Clert of the Court using the CM/ECF System, and caused to be served a true and accurate copy of such filing via process server on this date or as soon thereafter as service may be effectuated upon the following party:

**Kohn Law Firm, S.C.**
735 North Water St., Suite 1300
Milwaukee, WI 53202-4106

**Midland Funding, LLC**
c/o Corporation Service Company
8040 Excelsior Dr., Suite 400
Madison, WI 53717

**Midland Credit Management, Inc.**
c/o Corporation Service Company
8040 Excelsior Dr., Suite 400
Madison, WI 53717

**Encore Capital Group, Inc.**
3111 Camino Del Rio North, Suite 1300
San Diego, CA 92108

                s/ Daniel A. Edelman
                Daniel A. Edelman