# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**AMY DUNBAR,**

**Plaintiff,**

v.  **Case No. 17-CV-88**

**KOHN LAW FIRM SC, et al.,**

**Defendants.**

---

# DECISION AND ORDER

---

## I.  Procedural History

Plaintiff Amy Dunbar filed this lawsuit on January 19, 2017, alleging violations of the Fair Debt Collection Practices Act (FDCPA). (ECF No. 1.) On February 14, 2017, the defendants, Encore Capital Group Inc., Kohn Law Firm SC, Midland Credit Management Inc., and Midland Funding LLC, moved to dismiss the complaint. (ECF No. 17.) Dunbar filed an amended complaint on March 7, 2017 (ECF No. 21), and the defendants moved to dismiss it on March 21, 2017 (ECF No. 22). Dunbar responded to the most recent motion to dismiss (ECF No. 24) and the defendants replied (ECF No. 26). The motion is ready for resolution. All parties have consented to the full jurisdiction

of a magistrate judge. (ECF Nos. 19, 20.) The court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    Facts

On January 29, 2016, Kohn Law Firm sent Dunbar a debt collection letter on behalf of Midland Funding. (ECF No. 21, ¶ 27.) The letter stated that the amount owed was $4,049.08 but offered to settle the debt for $2,631.90. (ECF No. 21, ¶¶ 28, 29.) The letter also stated, "NOTICE: This settlement may have tax consequences." (ECF No. 21, ¶ 30; *see also* ECF No. 21-1 (debt collection letter).)

According to Dunbar, "Referring to tax consequences in a collection letter is intimidating and misleading, suggesting to the unsophisticated consumer that failure to pay the debt will give rise to problems with the Internal Revenue Service ('IRS')." (ECF No. 21, ¶ 41.) She asserts that it suggests that, "[u]nless the consumer pays the entire amount that the defendant alleges is owed on the alleged debt, the consumer could be reported to the IRS" and "[u]nless the consumer pays the entire amount the letter alleges is owed for the debt, the consumer is going to have to pay taxes on the unpaid balance." (ECF No. 21, ¶ 42.) She further alleges that there are various ways under the Internal Revenue Code by which a person may discharge a significant debt without it resulting in "tax consequences." (ECF No. 21, ¶¶ 34-40.) For example, if the debtor is insolvent, no taxable income results from discharge. (ECF No. 21, ¶ 37.) Also, reporting

is not required of the discharge of a debt that constitutes interest or other non-principal or of the discharge of principal of not more than $600. (ECF No. 21, ¶ 35.)

Dunbar alleges that the defendants "violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) by representing in [the letter] that 'This settlement may have tax consequences.'" (ECF No. 21, ¶ 45.)

### III.    Motion to Dismiss

"To state a claim, a complaint must first provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bonnstetter v. City of Chi.*, 811 F.3d 969, 973 (7th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(2)). "A pleader's responsibility is to state a claim for relief that is plausible on its face." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim the court may consider only the pleadings. *See* Rule 12(d). The pleadings here include the amended complaint and the letter Dunbar appended to it. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The court accepts all well-pleaded facts in the amended complaint as

true and draws all reasonable inferences in favor of the non-moving party. *Huri*, 804

F.3d at 832-33.

### IV.    The Fair Debt Collection Practices Act

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To accomplish those purposes, the Act provides in sweeping terms: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

*Pantoja v. Portfolio Recovery Assocs., LLC*, 2017 U.S. App. LEXIS 5432, 5-6 (7th Cir. Mar.

29, 2017).

### V.    Analysis

The discharge of a debt constitutes gross income under the Internal Revenue

Code. 26 U.S.C. § 61(a)(12). If the discharge is of $600 or more, the discharging entity

must file a 1099-C with the IRS. 26 U.S.C. § 6050P; 26 C.F.R. § 1.6050P-1. "[I]ndebtedness

means any amount owed to an applicable entity, including stated principal, fees, stated

interest, penalties, administrative costs and fines." 26 C.F.R. § 1.6050P-1. However, a

discharging creditor is not required to report "[t]he discharge of an amount of

indebtedness that is interest ...." 26 C.F.R. § 1.6050P-1(d)(2). There are other exceptions

to the general requirement that creditors discharging debts greater than $600 must

report those discharges to the IRS. 26 C.F.R. § 1.650P-1(d). Regardless of whether the

creditor is required to report the discharge by way of a 1099-C, the debtor may be

required to report the discharge as income. *See* IRS Publication 4731, *Screening Sheet for Nonbusiness Credit Card Debt Cancellation*, available at www.irs.gov/pub/irs-pdf/p4731.pdf (last visited May 5, 2017). However, there are exceptions, including if the debtor is insolvent immediately before the discharge of the debt (and the insolvency is greater than the discharge). In such a situation the discharge will not be included in the debtor's income. *See* IRS Publication 4681, *Canceled Debts, Foreclosures, Repossessions, and Abandonments*, available at https://www.irs.gov/pub/irs-pdf/p4681.pdf (last visited May 5, 2017).

In her amended complaint Dunbar alleges, "Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation," citing four cases: *Kaff v. Nationwide Credit, Inc.*, 13cv5413, 2015 WL 12660327 (E.D.N.Y., March 31, 2015); *Wagner v. Client Servs., Inc.*, 08cv5546, 2009 WL 839073, at *4 (E.D. Pa. Mar. 26, 2009); *Good v. Nationwide Credit, Inc.*, 14cv4295, 2014 WL 5422103, at *3 (E.D. Pa. Oct. 24, 2014); *Kuehn v. Cadle Co.*, 5:04cv432, 2007 U.S. Dist. LEXIS 25764 (M.D. Fla., April 6, 2007). (ECF No. 21, ¶ 46.)

In *Kaff* the debt collection letter stated, "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions." *Kaff*, 2015 WL 12660327, at *1. The court "concluded that the disputed statement included in the collection letter sent by Nationwide to Kaff was not strictly true under all circumstances because it

failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts." *Kaff*, 2015 WL 12660327, at *6. The court stated that it was possible that a debtor would be misled by the letter into believing that, to avoid reporting to the IRS, he could settle the debt for $599.99 less than the total of principal and interest, when in fact reporting to the IRS would be avoided if all interest (regardless of amount) was discharged as well as up to $599.99 in principal. *Id.* at *8.

In reaching its conclusion the *Kaff* court relied on *Good* and *Wagner*. *Good* involved an identical statement as in *Kaff* and the court reached the same conclusion. In *Wagner* a debt collector offered to settle a $6,687.23 debt for 80 percent of the balance. Its letter stated, "If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C. If you have any questions regarding your personal taxes, it is recommended that you consult with a certified public accountant or other tax professional." 2009 WL 839073, at *1. The court concluded that, although the settlement offer would result in a discharge of more than $1,300, the defendant had not shown that discharging that sum would require a 1099-C be filed with the IRS because it was unclear how much of that amount was principal and how much was interest. "Because Defendant has not provided any information on this issue, there remains the initial

question of whether the collection letter's 'required to' language is literally true or false." *Id.* at *4. Therefore, the court denied the defendant's motion to dismiss.

Finally, in *Kuehn* the defendant debt collector sent the plaintiff a letter that said, "Also enclosed is an IRS-generated W-9 to certify your Tax Identification Number (TIN). For individuals, this is your Social Security Number. Please complete this form indicating the above account number, and sign and return it to us as soon as possible. You are subject to a $ 50 penalty imposed by the IRS under 26 U.S.C. § 6723 if you fail to furnish a TIN." *Kuehn*, 2007 U.S. Dist. LEXIS 25764, 27-28. The court concluded that such a statement was false or deceptive because it suggested that the plaintiff would be fined by the IRS if she did not immediately provide her social security number. Therefore, the court granted the plaintiff's motion for summary judgment. *Id.* at 21-22.

In each of the cases cited by Dunbar in her amended complaint the debt collector represented something as being certain to happen when it was merely a possibility. *See also Carlvin v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 21671 (N.D. Ill. Feb. 16, 2017) ("Ditech is required to report any debt forgiveness to the Internal Revenue Service."). In contrast, the letter sent to Dunbar stated only that a "settlement *may* have tax consequences[.]" (ECF No. 21-1 at 2 (emphasis added).)

Some courts have found statements similar to those in the letter sent to Dunbar plausibly misleading under the FDCPA. For example, *Velez v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 57832, 3 (E.D. Pa. May 2, 2016), and *Balon v. Enhanced*

*Recovery Co.*, 190 F. Supp. 3d 385, 387 (M.D. Pa. 2016), involved debt collection letters that stated, "In addition, any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050(P) [sic] and related federal law." The court in *Velez* stated that "the use of the contingent 'may' in the Statement here does not materially distinguish it from the challenged language in *Good* because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable. Further, the challenged Statement, like the challenged language in *Wagner*, suggests the possibility that the cancelled debt could be reported." *Velez*, 2016 U.S. Dist. LEXIS 57832, 7. The court accepted that this statement could influence the decision-making of the "least sophisticated debtor" and lead the debtor to pay a certain sum to avoid trouble with the IRS. *Id.* at 9-10. Relying on *Velez*, finding its decision "well reasoned and persuasive," the court in *Balon* reached the same conclusion. 190 F. Supp. 3d at 392.

In 1998, in a case prosecuted by one of the attorneys representing Dunbar here, the court considered the following notice:

> under certain circumstances, cancellation or discharge of debt may be considered income to the debtor by the internal revenue service under IRS code 61(a) (12), and by state taxing authorities.

> Where the amount of debt canceled or discharged is $ 600.00 or greater, the creditor may be required to report such information to the IRS. On debts below $ 600.00, the creditor may have the option of reporting this information to the IRS.

> No such report may be filled [sic] by the creditor if payment is made in full.

*Sledge v. Sands*, 182 F.R.D. 255, 257 (N.D. Ill. 1998). The court agreed that the letter was misleading if the majority of its recipients would not realize income from the discharge of the debt. *Id.* at 260. However, because the plaintiff had not presented evidence that a majority of the recipients would not realize income from discharge of the debt, the court denied the plaintiff's motion for summary judgment. *Id.*

Similarly, in *Foster v. AllianceOne Receivables Mgmt.*, 2016 U.S. Dist. LEXIS 56958, 2 (N.D. Ill. Apr. 28, 2016), in a letter where a debt collector offered to settle a roughly $700 debt for approximately $400, the court considered the statement, "[p]lease be advised that any settlement which waives $600.00 or more in principal of a debt may be reported to the Internal Revenue Service by our client." The debt collector argued that the statement was not misleading because it was obvious even to an unsophisticated consumer that the statement did not apply because the $600.00 threshold was not met. *Id.* at 4-5. However, the court concluded, "It is plausible that mention of the IRS in a situation where there is no set of circumstances in which the IRS would be involved could mislead 'a person of modest education and limited commercial savvy.'" *Id.* at 5-6.

Other courts have rejected similar arguments. In *Scaturro v. Northland Grp., Inc.*, 2017 U.S. Dist. LEXIS 44015, 2-3 (E.D.N.Y. Jan. 9, 2017), the court considered the following statement:

> Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

*Id.* at 2-3. The court found there was no possibility that this was misleading, in part because the entirety of the debt owed was less than $600.00. Thus, based on the plain language of the notice, there was no possibility that anything would be reported to the IRS. *Id.* at 10-11.

Similarly, the court in *Rhone v. AllianceOne Receivables Mgmt.*, 2015 U.S. Dist. LEXIS 106186 (S.D. Ind. Aug. 12, 2015), found no plausible violation of the FDCPA when a letter offering to settle a $400 debt for about $200 included the statement, "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client. For additional information contact your tax professional." *Id.* at 3.

The court finds all of these additional cases distinguishable. In each of them the debt collector said that, if the debtor accepted the settlement, it might be reported to the IRS. For many people, especially unsophisticated debtors, that could be intimidating. Thus, it is plausible that an unsophisticated debtor might feel pressured to pay the whole debt rather than accept a settlement that might be reported to the IRS.

Dunbar argues that "no law or regulation requires Defendants to say anything in a collection letter about the tax consequences of a settlement. Defendants voluntarily

chose to warn of 'tax consequences' of accepting the settlement. There is no legitimate reason for referring to 'tax consequences' in a collection letter." (ECF No. 24 at 7.) So why would a debt collector choose to reference potential tax consequences, as the cases cited above demonstrate debt collectors routinely do?

The answer may lie in another line of cases representing the flip side of the coin presented here. Several debt collectors have been sued under the FDCPA for *not* stating that a settlement might have tax consequences. *See, e.g., Daugherty v. Convergent Outsourcing, Inc.*, 2015 U.S. Dist. LEXIS 78950, 8-9 (S.D. Tex. June 18, 2015) (discussing *Altman v. J.C. Christensen & Associates, Inc.*, No. 14-2240-CV, 786 F.3d 191, 2015 U.S. App. LEXIS 7980, 2015 WL 2242398, at *1 (2d Cir. May 14, 2015); *Rigerman v. Forster & Garbus LLP*, No. 14-CV-1805 MKB, 2015 U.S. Dist. LEXIS 32213, 2015 WL 1223760, at *4 (E.D.N.Y. Mar. 16, 2015); *Schaefer v. ARM Receivable Mgmt., Inc.*, No. CIV.A. 09-11666-DJC, 2011 U.S. Dist. LEXIS 77828, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011); and *Landes v. Cavalry Portfolio Servs.*, LLC, 774 F. Supp. 2d 800, 802-03 (E.D. Va. 2011)). Indeed, one court found that a debt collector's failure to inform a consumer that a settlement might result in tax consequences stated a claim under 15 U.S.C. § 1692e. *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 220 (N.D.N.Y. Mar. 26, 2010).

Given the number of debt collectors who have been sued for not mentioning the potential tax consequences of a settlement, it is not surprising that some debt collectors choose to mention potential tax consequences in the letters they send to debtors. As

indicated above, early efforts at including such language sometimes backfired when courts found the notices plausibly misleading because the debt collector failed to account for certain exceptions or chose to provide information that an unsophisticated debtor could find misleading.

However, at least two courts have approved statements similar to that at issue here. In *Everett v. Fin. Recovery Servs.*, 2016 U.S. Dist. LEXIS 163233 (S.D. Ind. Nov. 28, 2016), a debt collector offered various options to settle a debt for less than what was owed and stated, "This settlement may have tax consequences. Please consult your tax advisor." *Id.* at 4. The debtor sued, alleging that this language violated the FDCPA. The debtor argued that, because all of the creditor's settlement offers involved a debt discharge of less than the $600 threshold required for the filing of a 1099-C, there were no potential tax consequences. *Id.* at 13-17. The court noted that the plaintiff was wrong that there was no possibility of tax consequences; the plaintiff appeared to mistakenly believe that a debt discharge had potential tax implications only if the amount discharged was at least $600. *Id.* at 16-18. The court concluded that there was nothing deceptive or misleading, *see* 15 U.S.C. § 1692e, threatening or harassing, *see* § 1692d, or unfair or unconscionable, *see* § 1692f, about stating that a debt discharge may have tax consequences. *Everett*, 2016 U.S. Dist. LEXIS 163233, at 13-22. Accordingly, the court granted the defendants' motion to dismiss.

The court in *Remington v. Fin. Recovery Servs.*, 2017 U.S. Dist. LEXIS 36637 (D. Conn. Mar. 15, 2017), recently reached the same conclusion when confronted with language identical to that at issue in *Everett*: "This settlement may have tax consequences. Please consult your tax advisor." *Id.* at 2. The court rejected the plaintiff's argument that the statement was incomplete and misleading "because it does not list all the scenarios in which plaintiff may not suffer any tax consequences, such as settlement of the interest-only portion of her debt." *Id.* at 8. The court stated, "even the least sophisticated consumer would not interpret the statement that 'this settlement *may* have tax consequences' to mean 'this settlement *will* have tax consequences.'" *Id.* (emphasis in original). The court distinguished cases where the debt collector referred to its obligation to report the settlement to the IRS. The notice at issue made no reference to the debt collector's reporting obligations but rather referred only "to the possible tax consequences *to plaintiff* for settling on a debt." *Id.* at 9-10 (emphasis in original). The court concluded: "Defendants advised plaintiff of settlement options and then truthfully advised plaintiff that such settlement options 'may' have tax consequences. It would take a bizarre or idiosyncratic interpretation by the least sophisticated consumer to conclude that this true statement violates the FDCPA." *Id.* at 11.

Dunbar contends that the statement that the settlement may have tax consequences was misleading. Since she was insolvent at the time she received the letter, she was not facing any "tax consequences." (ECF No. 24 at 6-7.) She further

contends that persons subject to debt collection efforts are often insolvent, making the statement about potential tax consequences true to only a small segment of the recipients. (ECF No. 24 at 8.) Thus, the defendants violated the FDCPA by referring "to apparently serious consequences that are theoretically possible but unlikely to happen." (ECF No. 24 at 9.)

The court disagrees. The defendants accurately informed Dunbar that there may be tax consequences if she settled her debt for less than the amount owed. Accepting Dunbar's allegations in her amended complaint as true, the fact that her circumstances were such that she would not actually realize any tax consequences does not render the defendants' statement misleading. The statement was phrased contingently and encompassed situations where tax consequences would *not* result. As the court in *Remington* noted, even an unsophisticated debtor would not read "may" as "will." *Remington*, 2017 U.S. Dist. LEXIS 36637, 8.

Rather than being plausibly intimidating, the court finds the statement more likely to be helpful. The court agrees with those courts that have found that no such statement is required when proposing to settle a debt, but nonetheless finds that a debt collector who chooses to include such a statement has not violated the FDCPA. An unsophisticated debtor might not recognize that the discharge of a debt constitutes income and therefore might have tax consequences. Taxes are complicated. Absent being alerted that a settlement might affect her taxes, a debtor might mistakenly believe

that her net savings by accepting a settlement will be greater than they actually turn out to be.

A debtor who reads, "This settlement may have tax consequences," might reasonably have questions about what that means for her. But that is the point of the statement. It is intended to alert the debtor that there is an issue that she ought to consider when deciding whether to accept the proposed settlement. That is not misleading or deceptive. The court finds that it would take a bizarre and idiosyncratic reading for even an unsophisticated debtor to conclude that, in light of some potential unknown "tax consequences," she had better pay the entire debt rather than accept the proposed settlement.

Accordingly, the court concludes that the defendants' statement, "NOTICE: This settlement may have tax consequences" (ECF No. 21-1 at 2), was not "false, deceptive, or misleading," *see* 15 U.S.C. § 1692e. The statement did not constitute a "false representation of … the character, amount, or legal status of any debt; or … any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." *See* 15 U.S.C. § 1692e(2). Nor did the statement constitute "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692e(2). Therefore, as these are the only claims raised in her amended complaint (ECF No. 21, ¶ 45), Dunbar has failed to state a claim upon which relief may be granted. Consequently, the

defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss Dunbar's amended complaint (ECF No. 22) is granted. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss Dunbar's complaint (ECF No. 17) is dismissed as moot.

**IT IS FURTHER ORDERED** that the Dunbar's motion to certify class (ECF No. 7) is dismissed as moot.

Dated at Milwaukee, Wisconsin this 5th day of May, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge